SOMMERVILLE, J.
Plaintiff sues defendant for damages for personal injuries in the sum of $14,340, alleged to have occurred by the falling of two sacks of sugar upon him, which sacks of sugar were being conveyed from one portion of defendant’s warehouse to another in a sling, which was being carried by an overhead trolley; that the bags of sugar slipped and fell from the sling in which they had been placed; that the injury and damages were caused solely and entirely by the fault, gross negligence and carelessness, and want of skill on the part of the defendant company, its agents, supervisors, and officers; that the manner of conveying said sacks of sugar was insufficient to properly protect defendant’s employé; and he was engaged at the time of the accident in carrying out instructions of his employers; and that he was not at fault himself.
Defendant filed exceptions of vagueness and that the petition disclosed no cause of action. They were overruled. The exception of vagueness should have been sustained.
The petition of plaintiff contains insufficient facts upon which to base a judgment for damages; it avers several conclusions of law. It alleges that the accident was due to the carelessness of said company, its agents, and supervisors; but it does not attempt to name these agents, the nature of the employment in which they were engaged, or that the machinery which was being operated was faulty in any respect, or that the employés were inefficient or careless in placing the bags of sugar in the rope sling by which they were being carried, or that the rope broke, or that the sacks of sugar which fell upon him and caused the injury to him were negligently or faultily placed in the sling, or that defendant was at fault in any particular. And the evidence offered on the trial of the cause failed to show fault or negligence on the part of the defendant.
We are left to conjecture as to the probability of the cause of the injury to plaintiff. The evidence shows that the sugar fell upon plaintiff, and that the smaller bone in one of his legs was broken, and that he was otherwise bruised. But it does not show fault or negligence on the part of defendant. On the contrary, the evidence for defendant shows that it was not at fault in any way. The cause of the slipping of the two sacks of sugar was not accounted for.
The evidence for plaintiff is not direct, it is not even circumstantial, and he cannot recover.
*692 It is therefore ordered, adjudged,' and decreed that the judgment appealed from be ■annulled, avoided, and reversed; and that there be judgment in favor of defendant, ■dismissing plaintiff’s suit, with costs.